PAUL D. MURPHY (State Bar No. 159556)
TROY H. SLOME (State Bar No. 176582)
MURPHY ROSEN & MEYLAN LLP
100 Wilshire Boulevard, Suite 1300
Santa Monica, California 90401-1142
Telephone: (310) 899-3300
Facsimile: (310) 399-7201
Email: pmurphy@murphyrosen.com
Email: tslome@murphyrosen.com

Attorneys for Plaintiff
Mahr Productions, Inc. dba
Xtreme Entertainment Group

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAHR PRODUCTIONS, INC. dba XTREME ENTERTAINMENT GROUP, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MTV NETWORKS, a division of VIACOM INC., a Delaware corporation; YAHOO! INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. CV 09-2815 JFW(MANx)<br><br>**PROTECTIVE ORDER PURSUANT TO STIPULATION** |

Having reviewed the Stipulation for Protective Order ("Stipulation") entered into by the parties and the parties' Proposed Order Re: Protective Order, and to facilitate the progress of discovery, the Court enters the following Protective Order pursuant to the Stipulation as modified in Paragraphs G and I below:

///

///

///

**IT IS HEREBY STIPULATED, AGREED, AND ORDERED AS FOLLOWS:**

A. **Confidential Information**.

A party who produces information or material which that producing party in good faith believes is confidential information, or information or material furnished to it by third parties which information or material is not publicly known and which the producing party would normally not reveal to third parties or would cause third parties to maintain in confidence (hereinafter referred to as "Confidential Information") shall mark such information or material with the following or an equivalent legend:

CONFIDENTIAL INFORMATION
SUBJECT TO PROTECTIVE ORDER

Such notation shall be placed on every page of each document so designated. Where it is not feasible to stamp the document, the document shall be appropriately labeled or otherwise marked with the same notation.

B. **Depositions**.

Counsel for any party may designate so much of any transcript of any deposition (including any exhibits attached thereto) as confidential, to the extent it contains Confidential Information, by making a statement on the record during the course of the deposition. In such event, the court reporter shall be directed to separately transcribe such portions of the transcript, as well as any related exhibits, and mark such separate transcript with the confidential legend set forth above.

C. **Challenging Designations**.

A party shall not be obligated to challenge the propriety of a Confidential Information designation at the time such designation is made, and failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to

MURPHY ROSEN & MEYLAN LLP
100 WILSHIRE BOULEVARD, SUITE 1300
SANTA MONICA, CA 90401-1142
TELEPHONE 310-899-3300; FACSIMILE 310-399-7201

this litigation disagrees at any stage of these proceedings with such designation, such party shall provide to the producing party written notice of its disagreement with the designation. The parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the Court no earlier than ten (10) calendar days after said written notice of its disagreement. The burden of establishing that information has been properly designated as Confidential Information is on the party making such designation.

D. **Inadvertent Failure to Designate**.

In the event that a producing party inadvertently fails to stamp or otherwise designate a document, deposition transcript portion or other information as Confidential Information at the time of production or disclosure, that party shall have ten (10) business days after discovering such inadvertent failure to so stamp or otherwise designate the document or other information. Upon receipt of notice in writing and replacement of copies of documents or information with correct confidentiality designations, all parties who have received documents or information that the producing party has inadvertently failed to so stamp or otherwise designate as Confidential Information shall attempt in good faith to retrieve and destroy all copies of documents or other information previously disclosed or produced.

E. **Persons Authorized to Receive Confidential Information**.

Confidential Information may be disclosed only to the following persons:

1. Outside Counsel of record for the parties, and employees, agents or independent companies or individuals that have been directly engaged by Outside Counsel to perform services such as copying or other litigation support services, paralegal assistants, stenographic, clerical or other staff working under the supervision of Outside Counsel;

2. Independent experts or consultants of the receiving party who have been retained or sought to be retained by Outside Counsel to assist in preparation of this action for trial, with disclosure only to the extent necessary to perform such work, and provided that such person(s) signs the Confidentiality Agreement attached hereto as Exhibit A;

3. The parties and their parents, subsidiaries, and affiliates, including present and former officers, directors, and employees, with disclosures only to the extent necessary to assist in preparation of this action for trial;

4. The Court, its personnel and any court reporters involved in taking or transcribing testimony in this action; and

5. Any person that the Court designates in the interest of justice, upon terms that the Court deems proper.

**F.     Limitations on the Use of Confidential Information.**

Confidential Information shall be used by the parties to this litigation solely for the purpose of conducting this litigation, and shall not be disclosed beyond the confines of this litigation.  The recipient of any Confidential Information provided under this Protective Order shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary information, but in no event less than reasonable care.

**G.     Use of Confidential Information in Court Proceedings.**

Prior to filing Confidential Information in connection with a motion or other pre-trial proceeding, the party desiring to file such Confidential Information shall confer with the designating party to determine whether under seal filing is appropriate.  In the event the parties agree that under seal filing is appropriate, or the parties are unable to reach agreement, the party desiring to file such Confidential Information shall lodge the Confidential Information conditionally under seal.  The designating party shall then be responsible for

filing an application seeking permission to file such documents under seal and a related proposed order pursuant to the procedures set forth in Local Rule 79-5.

The parties are expressly cautioned, however, that in filing such an application pursuant to Local Rule 79-5, this Protective Order, in and of itself, creates no basis for filing, or entitlement to file, under seal any information, documents, or things designated as Confidential Information by the parties. Accordingly, reference to this Protective Order or to the parties' designation of any information, document, or thing as Confidential Information is wholly insufficient to warrant filing under seal. **Good cause must be shown to support a filing under seal, and the parties' mere designation of any information, document, or thing as Confidential Information does not -- without the submission of competent evidence establishing the confidential, proprietary, and/or trade secret nature of the material sought to be filed under seal -- establish good cause.**

In the event that any Confidential Information is used in any court proceeding in connection with this litigation prior to trial, the parties shall promptly take all steps reasonably required to protect its confidentiality during such use.

This Protective Order is not intended to prohibit the use or admissibility of Confidential Information at the trial of this case. Issues involving the protection of Confidential Information during trial shall be presented to the Court at the earliest reasonable time prior to or during trial.

Nothing in this Protective Order shall preclude any party to the lawsuit or its attorney (a) from showing a document designated as Confidential Information to an individual who prepared or received a document, (b) from disclosing or using, in any manner or for any purpose in this litigation, the party's own information or documents which the party itself has designated as Confidential Information, or (c) from showing a document designated as Confidential

Information to an individual who is a current employee, officer, director or witness testifying on behalf of the disclosing party.

**H.     Confidential Information from Other Sources.**

Nothing in this Protective Order shall preclude any party to the lawsuit, their attorneys or any other person from disclosing or using, in any manner or for any purpose, any information or documents not obtained in discovery in this lawsuit, if such information is lawfully obtained from a third party having the right to disclose such information, even though the same information or copies of the same documents may have been produced in discovery in this lawsuit and designated as Confidential Information.

**I.     Disposition of Confidential Information.**

Within thirty (30) calendar days of the termination of litigation between the parties, all Confidential Information and all copies thereof, other than that contained in Court files, shall be returned to the party that produced it or shall be destroyed.  If the documents are destroyed, a Certification of Destruction shall be provided to the producing party within ten (10) calendar days of the destruction of the documents.

Notwithstanding the foregoing, one designated Outside Counsel of record for each party may maintain in its files one hard copy and one electronic copy of each affidavit, affirmation, certification, declaration, brief, record on appeal, notice of motion, deposition transcript, exhibit to a deposition or affidavit (or the like), exhibit at a hearing or trial, pleading, discovery request, stipulation, correspondence between counsel for the parties to this action, written response to a discovery request, document filed with the Court, and court transcript in this action, consisting of or containing Confidential Information.

**J.     Additional Terms.**

1.     The Protective Order is without prejudice to the right of the producing party to seek relief from the Court, upon good cause shown, from any

of the provisions contained herein or to seek such additional protection with respect to the confidentiality of documents or other discovery materials as they may consider appropriate.

2. The designation of any discovery material in accordance with this Protective Order is intended solely to facilitate the preparation and trial of this action, and treatment of such material by counsel of record for named parties in conformity with such designation will not be construed in any way as an admission or agreement by any party that the designated material constitutes or contains any trade secret or confidential information.

3. Nothing herein shall prevent disclosure beyond the terms of this Protective Order if the party producing the Confidential Information consents in writing to such disclosure, or if the Court, after notice to all affected parties, orders or permits such disclosure.

4. If at any time documents containing Confidential Information are subpoenaed by any third party (including any court, arbitral, or administrative body), the person to whom the subpoena is directed shall promptly give written notice thereof to every party who has produced such documents and to their counsel and shall provide each such party with an opportunity to object to the production of such documents. If a producing party does not take steps to prevent disclosure of such documents containing Confidential Information within seven (7) days of the date written notice of the subpoena is given, the party to whom the referenced subpoena is directed may produce such documents in response thereto.

**IT IS SO ORDERED**.

DATED: October 23, 2009                    /s/
                                          _____
                                          MARGARET A. NAGLE
                                          UNITED STATES MAGISTRATE JUDGE

# **EXHIBIT "A"**

## CONFIDENTIALITY AGREEMENT

The undersigned does solemnly swear that he/she is fully familiar with the terms of the Protective Order entered in the civil action entitled <u>Mahr Productions, Inc. dba Xtreme Entertainment Group v. MTV Networks</u>, *et al.*, United States District Court, Central District of California, Case No. CV 09-2815 JFW (MANx), and hereby agrees to comply with and be bound by terms and conditions of said Protective Order unless and until modified by further order of the Court. The undersigned hereby consents to the jurisdiction of the United States District Court for the Central District of California for purposes of enforcing this Protective Order.

EXECUTED on _____ at _____.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____         _____
Print Name                                                         Signature